**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

RAMIRO C. SEPULVEDA,
           Appellant,

      v.

DEPARTMENT OF HOMELAND
   SECURITY,
          Agency.

DOCKET NUMBER
DA-0752-17-0220-I-1

DATE: April 17, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Anthony W. Walluk, Esquire, San Antonio, Texas, for the appellant.

Grant Gardner, Laredo, Texas, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

¶1      The agency has filed a petition for review of the initial decision, which reversed the agency's action removing the appellant for violating a last-chance agreement (LCA). Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 Prior to his removal, the appellant was a GS-12 Customs and Border Protection (CBP) Officer with the U.S. Customs and Border Protection in the Laredo, Texas field office. Initial Appeal File (IAF), Tab 1 at 3. His primary job duty was to process commercial tractor-trailers at the World Trade Bridge while assigned to a booth at a primary lane, which included processing the vehicle and driver information, conducting x-rays of the vehicle as applicable, and referring the vehicle to a secondary lane for further inspection as needed. Hearing Transcript (HT) at 281:11-283:19 (testimony of a supervisor), 124:6-17 (testimony of the appellant). On April 1, 2016, the agency sustained a proposal to remove the appellant based on charges of failure to follow policy and failure to provide honest and complete information. IAF, Tab 6 at 25-28. Subsequently, on April 13, 2016, the appellant and the agency executed a LCA, wherein the agency agreed to mitigate the proposed removal to a 21-day suspension. *Id.* at 29-32. The appellant agreed that the LCA would be effective for a 1-year period, during which "any form of misconduct" he engaged in would constitute a "violation of

the [a]greement." *Id.* at 29. The appellant further indicated his understanding that any violation of the LCA would "result in the implementation of the [r]emoval [d]ecision" and that he waived "any and all appeal rights regarding the removal in any forum," in the event that the agency reinstated his removal based on his violation of the LCA. *Id.* at 30.

¶3    On February 8, 2017, the agency notified the appellant of its decision to reinstate his removal, effective immediately, as a result of his violation of the LCA. *Id.* at 11-12. Specifically, the agency determined that the appellant violated the provision of the LCA requiring him to abstain from misconduct when, on September 20, 2016, he used his Government computer for nonofficial purposes during his official duties in violation of agency directives. *Id.*

¶4    The appellant timely filed an appeal of his removal with the Board. IAF, Tab 1. Following a hearing, the administrative judge issued an initial decision reversing the removal action. IAF, Tab 34, Initial Decision (ID). The administrative judge found that the LCA was valid. ID at 4. However, the administrative judge determined that the waiver of Board appeal rights in the LCA was unenforceable because the agency breached the agreement. ID at 4, 10. Specifically, she found that the agency acted arbitrarily and capriciously by invoking the LCA based on the appellant's personal internet use at his primary lane. ID at 9-10. In reaching this determination, she made the following findings: it is commonly understood in the South Texas region that personal internet use is permitted, so long as it does not interfere with one's official duties; on-duty personal internet use is permitted; there is no evidence of any written policy prohibiting personal internet use specifically at the primary lanes; there is no formal, standardized method by which employees are notified of this alleged prohibition; and there is no evidence to dispute the appellant's assertions that his personal internet use on September 20, 2016, took place during down time at his lane and did not interfere with his duties. *Id.* Having found that the agency breached the LCA, she reversed the agency's removal action. ID at 10.

¶5     The agency timely filed a petition for review. Petition for Review (PFR) File, Tab 1. The appellant filed a response, to which the agency replied. PFR File, Tabs 3-4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6     On petition for review, the agency challenges all of the administrative judge's findings, arguing that she made erroneous findings of fact in determining the agency acted in bad faith and made legal and factual errors in finding that the appellant's personal internet use took place during down time and did not interfere with his official duties. PFR File, Tab 1 at 7, 18. As discussed below, the agency's arguments do not provide a basis for review.

The administrative judge applied the correct standard of proof.

¶7     In a traditional chapter 75 adverse action appeal, the agency bears the burden to show by preponderant evidence that the alleged misconduct occurred. 5 U.S.C. § 7701(c)(1)(B); *Walker v. Department of the Army*, 102 M.S.P.R. 474, ¶ 4 (2006). The Board lacks jurisdiction, however, to hear an appeal involving an action taken pursuant to an agreement in which the appellant waived his Board appeal rights. *Smith v. Department of the Interior*, 113 M.S.P.R. 592, ¶ 6 (2010). A different standard of proof applies in such cases. In order to demonstrate that the appellant's waiver of his appeal rights in an agreement was unenforceable, the appellant—not the agency—must show that: (1) he complied with the agreement; (2) the agency materially breached the agreement or acted in bad faith; (3) he did not voluntarily enter into the agreement; or (4) the agreement resulted from fraud or mutual mistake. *Id.*; 5 C.F.R. § 1201.56(b)(2)(i)(A) (indicating that the appellant bears the burden of proving jurisdiction by preponderant evidence).

¶8     The agency asserts that the administrative judge shifted the jurisdictional burden of proof from the appellant to the agency when she stated that "there is no evidence to dispute the appellant's assertions that his personal internet use on September 20, 2016, took place during down time at his lane and did not interfere

with his duties." PFR File, Tab 1 at 18-19; ID at 9-10. However, the administrative judge clearly stated both in her decision and at the hearing that the appellant had to prove jurisdiction over his appeal by preponderant evidence. ID at 3; HT at 175:16-19. Moreover, the administrative judge applied the correct standard of proof. ID at 3. The administrative judge's statement that the agency has not disputed the appellant's assertions does not constitute shifting the burden of proof to the agency.

<u>The agency has failed to provide a basis for disturbing the administrative judge's findings regarding the agency's limited personal use internet policy.</u>

¶9        The agency contends that the administrative judge made factual errors when she found that it is commonly understood in the South Texas region that personal internet use is permitted so long as it does not interfere with one's official duties; that on-duty personal internet use is permitted; that there is no written policy prohibiting internet use at primary lanes; and that there is no formal method by which employees are notified of this alleged prohibition. PFR File, Tab 1 at 9-17. Specifically, the agency alleges that, contrary to the administrative judge's findings, there were written policies prohibiting personal internet use at the primary lanes and that the appellant was formally notified of these written policies. *Id.* at 12-14. Specifically, the agency relies on the ethical regulations governing use of Government property by Federal employees, the U.S. Customs and Border Protection Standards of Conduct, and a Laredo Field Office Integrity Muster (dated February 9, 2015, and initialed by the appellant on December 29, 2016) to support its proposition.[2] PFR File, Tab 1 at 13-14; IAF, Tab 7 at 30-31, Tab 8 at 33, Tab 6 at 12.

---

[2] In relevant part, the local muster states that ". . . the use of government office equipment and computers is for **authorized purposes only**. However, employees may during non-work time use government office equipment and computers on a **'limited personal use'** basis only." IAF, Tab 7 at 30 (emphasis in original). "Limited personal use" is defined as ". . . use that involves minimal additional expenses to the government, is performed during the employee's non-work time, does not interfere with the mission or operations of a department or agency, and does not violate the Standards

¶10    In resolving credibility issues, an administrative judge must consider factors such as the contradiction of the witness's version of events by other evidence or its consistency with other evidence. *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987).[3] The Board must give deference to an administrative judge's credibility determinations when, as here, they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). When, as here, an administrative judge has heard live testimony, her credibility determinations must be deemed to be at least implicitly based upon the demeanor of the witnesses. *Little v. Department of Transportation*, 112 M.S.P.R. 224, ¶ 4 (2009).

¶11    In finding that it is commonly understood that personal internet use is permitted as long as it does not interfere with one's official duties, the administrative judge thoroughly reviewed the numerous written agency directives regarding personal internet use. ID at 10 n.8. However, she credited the testimony she heard regarding the commonly accepted interpretation and

---

of Ethical Conduct for Employees of the Executive Branch . . . ." *Id.* An employee's "non-work time" is defined as "time when an employee is not otherwise expected to be addressing official business provided such use does not interfere with or impede CBP mission or operations." *Id.* at 31 (emphasis in original). The muster also provides numerous examples of authorized use and inappropriate personal uses, none of which includes a general prohibition of internet use on the primary lanes and allows for limited personal use of the internet. *Id.* at 31-32.

[3] In *Hillen*, the Board articulated factors to consider in resolving credibility issues. The Board held that, to resolve credibility issues, an administrative judge must identify the factual questions in dispute, summarize the evidence on each disputed question, state which version he believes, and explain in detail why he found the chosen version more credible, considering such factors as: (1) the witness's opportunity and capacity to observe the event or act in question; (2) the witness's character; (3) any prior inconsistent statement by the witness; (4) a witness's bias, or lack of bias; (5) the contradiction of the witness's version of events by other evidence or its consistency with other evidence; (6) the inherent improbability of the witness's version of events; and (7) the witness's demeanor. *Hillen*, 35 M.S.P.R. at 458.

application of the rules concerning on-duty personal internet use. *Id.* After applying the factors set forth in *Hillen*, 35 M.S.P.R. at 458, the administrative judge did not credit the deciding official's and supervisor's testimony that there is a longstanding, absolute prohibition on personal internet use on duty at primary lanes. ID at 7. She did not credit their testimony because the deciding official acknowledged there was no written policy that specifically distinguishes between on-duty personal internet use at primary lanes versus other locations, another CBP officer testified that it was his understanding that limited personal internet use is permissible at the primary lanes, and the supervisor testified that some officers access the internet for personal use at the primary lanes. *Id.* Rather, the administrative judge credited both the appellant's *and* the deciding official's testimony that personal internet use is permitted while on duty so long as it does not interfere with one's duties. ID at 6-7.

¶12     While the agency argues that the appellant received notice of the agency's internet policies, the administrative judge's finding was specific to the alleged prohibition of personal internet use specifically at the primary lanes. PFR File, Tab 1 at 16-17; ID at 9. In finding that there is no formal, standard method by which employees are notified of the alleged prohibition of personal internet use specifically at the primary lanes, the administrative judge did not credit the deciding official's or supervisor's testimony. ID at 7, 9. After applying the factors set forth in *Hillen*, 35 M.S.P.R. at 458, the administrative judge noted that the deciding official testified that he had no knowledge of whether or how such information is disseminated to employees and that the supervisor testified that the only way for an employee to know such conduct is prohibited is for the supervisor to bring it to their attention if they notice an employee on the internet. ID at 7.

¶13     The administrative judge properly considered factors, such as the contradiction of witness testimony and its consistency with the record, to make well-reasoned credibility determinations. *See Hillen*, 35 M.S.P.R. at 458. The agency has failed to provide a basis for disturbing these credibility findings.

Accordingly we affirm the administrative judge's findings that it is commonly understood in the South Texas region that personal internet use is permitted, so long as it does not interfere with one's official duties; on-duty personal internet use is permitted; there is no written policy prohibiting personal internet use specifically at the primary lanes; and there is no formal, standardized method by which employees are notified of this alleged prohibition. ID at 9.

<u>The agency has failed to provide a basis for disturbing the administrative judge's finding that the appellant's personal internet use occurred during down time at his primary lane.</u>

¶14 The agency also disputes the administrative judge's finding that there is no evidence to dispute the appellant's assertion that his personal internet use on September 20, 2016, took place during down time and did not interfere with his duties. PFR File, Tab 1 at 18. The agency alleges that it provided evidence that unequivocally disproves the appellant's assertion that he did not access the internet for personal use during his official duties. *Id.* at 20-23. The agency then argues that, because the personal internet use occurred during the appellant's official duties, the question of whether it interfered with his official duties is irrelevant. *Id.* at 23-25. However, based on our review of the record, we agree with the administrative judge that the appellant only used the internet while on duty as the primary lane on September 20, 2016, while he had no official duties to perform, i.e., he was on down time because there were no vehicles in his lane to process. ID at 8. As such, we also agree with the administrative judge's finding that the appellant's personal internet use did not interfere with his job duties. ID at 8-9.

¶15 After applying the factors set forth in *Hillen*, 35 M.S.P.R. at 458, the administrative judge credited the appellant's testimony, which was further supported by the record evidence, that he only used the internet while on duty at the primary lane when there were no vehicles for him to process. ID at 6-8. In making her determination, the administrative judge analyzed the agency's

processing report for September 20, 2016, which shows the number of vehicles processed at the appellant's primary lane, analyzed and reconciled conflicting testimony from multiple witnesses, and addressed the accident that occurred in the appellant's primary lane. ID at 8-9; IAF, Tab 14 at 32. Despite the agency's allegations, the administrative judge's failure to mention all of the extensive testimony and evidence does not mean that she did not consider it in reaching her decision. *See Marques v. Department of Health and Human Services*, 22 M.S.P.R. 129, 132 (1984), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table).

¶16        The agency argues that the Board need not defer to the administrative judge's credibility determination regarding the appellant's testimony that he only accessed the internet when there were no vehicles for him to process because she did not explicitly indicate that her credibility determination was based on the observation of the demeanor of the witness. PFR File, Tab 1 at 21. However, as noted above, when, as here, an administrative judge has heard live testimony, her credibility determinations must be deemed to be at least implicitly based upon the demeanor of the witnesses. *Little*, 112 M.S.P.R. 224, ¶ 4. The agency has submitted insufficient evidence and argument to demonstrate error by the administrative judge in crediting the appellant's testimony, resolving conflicting witness testimony, and considering the evidence.[4] The administrative judge made reasonable credibility determinations based on a review of the record as a whole, and we find no basis to disturb them on review. *See Purifoy v. Department of Veterans Affairs*, 838 F.3d 1367, 1372-73 (Fed. Cir. 2016) (explaining the high level of deference the Board must give to demeanor-based credibility findings); *Haebe*, 288 F.3d at 1302.

---

[4] In relevant part, the administrative judge properly noted that the agency proffered no evidence explaining how to interpret the technical data purporting to show the appellant's internet usage. ID at 10 n.7. The agency's failure to submit such evidence does not provide a basis for disturbing the administrative judge's well-reasoned credibility determinations. Nor does it provide a reason for remanding the appeal for further credibility findings.

¶17    For the reasons noted above, we find that the agency has not established any basis for granting the petition for review. Accordingly, we affirm the administrative judge's initial decision.

## ORDER

¶18    We ORDER the agency to cancel the removal action and retroactively restore the appellant effective February 8, 2017. *See Kerr v. National Endowment for the Arts*, 726 F.2d 730 (Fed. Cir. 1984). The agency must complete this action no later than 20 days after the date of this decision.

¶19    We also ORDER the agency to pay the appellant the correct amount of back pay, interest on back pay, and other benefits under the Office of Personnel Management's regulations, no later than 60 calendar days after the date of this decision. We ORDER the appellant to cooperate in good faith in the agency's efforts to calculate the amount of back pay, interest, and benefits due, and to provide all necessary information the agency requests to help it carry out the Board's Order. If there is a dispute about the amount of back pay, interest due, and/or other benefits, we ORDER the agency to pay the appellant the undisputed amount no later than 60 calendar days after the date of this decision.

¶20    We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order. The appellant, if not notified, should ask the agency about its progress. *See* 5 C.F.R. § 1201.181(b).

¶21    No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that the agency did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency. 5 C.F.R. § 1201.182(a).

¶22     For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture (NFC) or the Defense Finance and Accounting Service (DFAS), two lists of the information and documentation necessary to process payments and adjustments resulting from a Board decision are attached.  The agency is ORDERED to timely provide DFAS or NFC with all documentation necessary to process payments and adjustments resulting from the Board's decision in accordance with the attached lists so that payment can be made within the 60-day period set forth above.

### NOTICE TO THE APPELLANT REGARDING
### YOUR RIGHT TO REQUEST
### ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs.  To be paid, you must meet the requirements set forth at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g).  The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203.  If you believe you meet these requirements, you must file a motion for attorney fees and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION.  You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

### NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of the <u>date of issuance</u> of this decision. <u>5 U.S.C. § 7703</u>(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

<u>http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx</u>.

FOR THE BOARD: /s/ for
_____
Jennifer Everling
Acting Clerk of the Board
Washington, D.C.



**DEFENSE FINANCE AND ACCOUNTING SERVICE**
**Civilian Pay Operations**

# DFAS BACK PAY CHECKLIST

The following documentation is required by DFAS Civilian Pay to compute and pay back pay pursuant to 5 CFR § 550.805.  Human resources/local payroll offices should use the following checklist to ensure a request for payment of back pay is complete.  Missing documentation may substantially delay the processing of a back pay award.  **More information may be found at: https://wss.apan.org/public/DFASPayroll/Back20Pay%20Process/Forms/AllItems.aspx.**

**NOTE:  Attorneys' fees or other non-wage payments (such as damages) are paid by vendor pay, not DFAS Civilian Pay.**

☐  1) Submit a **"SETTLEMENT INQUIRY - Submission"** Remedy Ticket.  Please identify the specific dates of the back pay period within the ticket comments.

Attach the following documentation to the Remedy Ticket, or provide a statement in the ticket comments as to why the documentation is not applicable:

☐  2) Settlement agreement, administrative determination, arbitrator award, or order.

☐  3) Signed and completed "Employee Statement Relative to Back Pay".

☐  4) All required SF50s (new, corrected, or canceled).  **\*\*\*Do not process online SF50s until notified to do so by DFAS Civilian Pay.\*\*\***

☐  5) Certified timecards/corrected timecards.  **\*\*\*Do not process online timecards until notified to do so by DFAS Civilian Pay.\*\*\***

☐  6) All relevant benefit election forms (e.g. TSP, FEHB, etc.).

☐  7) Outside earnings documentation.  Include record of all amounts earned by the employee in a job undertaken during the back pay period to replace federal employment. Documentation includes W-2 or 1099 statements, payroll documents/records, etc.  Also, include record of any unemployment earning statements, workers' compensation, CSRS/FERS retirement annuity payments, refunds of CSRS/FERS employee premiums, or severance pay received by the employee upon separation.

**Lump Sum Leave Payment Debts:**  When a separation is later reversed, there is no authority under 5 U.S.C. § 5551 for the reinstated employee to keep the lump sum annual leave payment they may have received.  The payroll office must collect the debt from the back pay award.  The annual leave will be restored to the employee.  Annual leave that exceeds the annual leave ceiling will be restored to a separate leave account pursuant to 5 CFR § 550.805(g).



**NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES**

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts**.**

1. Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.

2. The following information must be included on AD-343 for Restoration:

    a. Employee name and social security number.
    b. Detailed explanation of request.
    c. Valid agency accounting.
    d. Authorized signature (Table 63).
    e. If interest is to be included.
    f. Check mailing address.
    g. Indicate if case is prior to conversion.  Computations must be attached.
    h. Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected (if applicable).

Attachments to AD-343

1. Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement (if applicable).
2. Copies of SF-50s (Personnel Actions) or list of salary adjustments/changes and amounts.
3. Outside earnings documentation statement from agency.
4. If employee received retirement annuity or unemployment, provide amount and address to return monies.
5. Provide forms for FEGLI, FEHBA, or TSP deductions. (if applicable)
6. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.
7. If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

NOTE:  If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1-7 above.

The following information must be included on AD-343 for Settlement Cases:  (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)

    a. Must provide same data as in 2, a-g above.
    b. Prior to conversion computation must be provided.
    c. Lump Sum amount of Settlement, and if taxable or non-taxable.

If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel Operations at 504-255-4630.